# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JUANITA G. MEEKS, *Plaintiff,* <br><br> v. <br><br> THE LAURELS OF CHARLOTTESVILLE, *Defendant.* | CASE NO. 3:10-cv-00072 <br><br> <u>ORDER AND MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court *sua sponte* upon consideration of Plaintiff's Complaint (docket no. 3), filed on December 21, 2010. Plaintiff Juanita G. Meeks ("Plaintiff") has filed this action *pro se* and is proceeding *in forma pauperis*. For the reasons set forth below, the Complaint is DISMISSED, without prejudice.

Pursuant to 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Regarding *in forma pauperis* proceedings, this Court is "charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). It "must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006).

The standard by which the Court determines whether to dismiss an action under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1, 633 (4th Cir. 2003). For a

complaint to state a claim upon which relief can be granted that would survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that "state a claim to relief that is plausible on its face," facts that "have nudged their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). However, at this stage of the suit, the Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), and it may not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Plaintiff's complaint largely consists of a recitation of the steps Plaintiff went through to attempt to retain an attorney to bring the instant action. Having failed to obtain an attorney, Plaintiff filed this complaint, which states, in relevant part, "I have the right to sue from the EEOC dated 9/21/10 for age discrimination giving me 90 days to do so." From that statement, it can be inferred that Plaintiff desires to bring an age discrimination suit against the Defendant Laurels of Charlottesville ("Defendant"). However, Plaintiff does not allege any additional facts related to the age discrimination claim, nor does Plaintiff allege the nature of her relationship to Defendant. Plaintiff's complaint does not contain any factual content allowing the Court to draw the reasonable inference that Defendant is liable for any misconduct. *See Iqbal*, 129 S. Ct. at 1949.

Accordingly, this action is hereby DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is hereby directed to send a certified copy of this Order and Memorandum Opinion to the Plaintiff. The Clerk of the Court is further directed to strike this action from the Court's docket.

It is so ORDERED.

Entered this 22nd day of December, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE